IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM THRAILKILLE | § | |
| VS. | § | CIVIL ACTION NO. 1:04cv710 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER

Petitioner William Thrailkille, an inmate confined in Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Factual Background and Prior Proceedings

On April 26, 2001, following a trial by jury in the 260th Judicial District Court of Orange County, Texas, petitioner was convicted of murder. Petitioner was sentenced to a term of forty (40) years imprisonment.

Petitioner appealed his conviction and sentence. On December 18, 2002, the judgment of the district court was affirmed by the Ninth Court of Appeals. *Thrailkille v. State*, No. 09-01-206-CR (Tex. App. -- Beaumont, 2002, no pet.). Petitioner did not file a petition for discretionary review.

On December 22, 2003, petitioner filed a state application for writ of habeas corpus challenging his conviction. *Ex parte Thrailkille*, Application No. 58,218-01. The petition was denied without written order by the Texas Court of Criminal Appeals on November 3, 2004.

## The Petition

Petitioner brings this petition asserting the following grounds for relief: (1) the trial court erred when it allowed the state to introduce as evidence petitioner's statements to officer Scott and Captain Westbrook, made as a result of custodial interrogation, that were not electronically recorded; (2) the trial court erred by allowing the jury to separate during the guilt/innocence phase without giving proper instructions regarding their conduct, and deprived petitioner of the right to have the jury sequestered before allowing them to separate during deliberations of the punishment phase; (3) the trial court erred by allowing the victim impact statement, made by the father of the victim, to occur before the pronouncement of petitioner's sentence; and (4) both trial counsel and appellate counsel provided ineffective assistance.

## The Response

The respondent asserts that petitioner failed to exhaust his state court remedies with regard to each of his claims except his ineffective assistance of counsel claims. Accordingly, the respondent asserts that such claims are unexhausted and procedurally defaulted. In the alternative, the respondent moves the court to dismiss petitioner's petition as a mixed petition. Additionally, the respondent asserts that petitioner's claims are without merit and should be denied.

2

<u>Standard of Review</u>

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Section 2254 was amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), signed into law on April 24, 1996. The new provisions, in part, prohibit a Petitioner from relitigating issues that were adjudicated on the merits in State court proceedings, with two exceptions. 28 U.S.C. § 2254(d). The first exception allows a Petitioner to raise issues previously litigated in the state court in federal habeas proceedings if the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The second exception permits relitigation if the adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

If a state court adjudicated a state prisoner's claim for a writ of habeas corpus on the merits, federal courts view the Petitioner's claim through the "lens" of the scheme laid out in 28 U.S.C. § 2254(d). *Barrientes v. Johnson*, 221 F.3d 741, 772 (5th

3

Cir. 2000), cert. denied, 121 S.Ct. 902 (Feb. 7, 2001). Under this scheme, with respect to questions of fact, Federal courts are not to grant a writ of habeas corpus unless the state court's adjudication on the merits "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). And in any federal habeas proceeding involving a state prisoner, leaving aside the distinction between procedural and merits-based denials, "a determination of a factual issue made by a State court shall be presumed to be correct," and the Petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Likewise, if a state court has resolved on the merits an issue of law or a mixed issue of law and fact, the district court is not to grant a writ unless the resulting decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A decision is "contrary to" established federal law if the state court "applies a rule that contradicts the governing law set forth in [Supreme Court] cases" or if the state court decides a case differently than the Supreme Court did on "materially indistinguishable" facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court "unreasonably applies" clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to

the facts of a particular prisoner's case." *Id.* at 407-408.  *See also Neal v. Puckett*, 286 F.3d 230 (5th Cir. 2002).

The Supreme Court held that when determining unreasonableness of the application of federal law the standard is objective: "Stated simply, a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 120 S.Ct. at 1521-22.  Second, the Court emphasized that the "most important point" of the *Williams* decision is the critical distinction between an unreasonable application of federal law and a merely "incorrect" or "erroneous" application of federal law.  *Id.* at 1522-23.  "Because section 2254(d) places a new constraint on a federal habeas court and demands greater deference to state courts, [a federal court has] no authority to grant habeas corpus relief simply because [it] concludes, in [its] independent judgment, that a state supreme court's application of [relevant law] is erroneous or incorrect." *Neal*, 286 F.3d at 236.

<u>Analysis</u>

*Exhaustion and Procedural Default*

In his response, the respondent asserts that petitioner did not sufficiently exhaust state habeas remedies concerning each of his claims other than those relating to the denial of effective assistance of counsel.  The respondent's assertion is based on petitioner's failure to allege any violation of federal law or constitutional rights in the state writ.

5

A person in custody pursuant to the judgment of a State court generally must exhaust available State habeas remedies prior to filing an application in Federal court.  Title 28 U.S.C. § 2254 provides in pertinent part the following:

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>   (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(i)   there is an absence of available State corrective process; or
>
>    (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement demands that an applicant "fairly apprise the highest court of his state of the federal rights which were allegedly violated" and to do so "in a procedurally correct manner." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).  In order to exhaust properly, a petitioner must "fairly present" all of his claims to the state court.  *Picard v. Connor,* 404 U.S. 270 (1981).  The federal claim must be the substantial equivalent of that presented to the state courts in order to satisfy the "fairly presented" requirement.  *Id.* at 275-76, 278.

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been "fairly presented" to the highest state court, i.e., the petitioner presents his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Baldwin v. Reese*, 541 U.S. 27, 29-33 (2004) (holding a petitioner failed to "fairly present" a claim of

6

ineffective assistance by his state appellate counsel merely by labeling the performance of said counsel "ineffective," without accompanying that label with either a reference to federal law or a citation to an opinion applying federal law to such a claim). The exhaustion requirement is not met if the petitioner presents new legal theories or factual claims in his federal habeas petition. *Anderson v. Harless*, 459 U.S. 4, 6-7 (1982); *Riley v. Cockrell*, 339 F.3d 308, 318 (5th Cir.2003) ("It is not enough that the facts applicable to the federal claims were all before the State court, or that the petitioner made a similar state-law based claim. The federal claim must be the 'substantial equivalent' of the claim brought before the State court."), *cert. denied*, 543 U.S. 1056 (2005); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) ("where petitioner advances in federal court an argument based on a legal theory distinct from that relied upon in the state court, he fails to satisfy the exhaustion requirement").

The respondent asserts that petitioner failed to fairly present his claims to the highest state court. To have "fairly presented" his federal claim, the petitioner must have reasonably alerted the state courts to the federal nature of his complaint. *Baldwin v. Reese*, 541 U.S. at 29-33. "A fleeting reference to the federal constitution, tacked onto the end of a lengthy, purely state-law evidentiary argument, does not sufficiently alert and afford a state court the opportunity to address an alleged violation of federal rights." *Wilder*, 274 F.3d at 260. Moreover, the court explained that "to hold that vague references to such

expansive concepts as due process and fair trial fairly present, and therefore exhaust, federal claims is to eviscerate the exhaustion requirement."  *Id*.  A review of petitioner's state application for writ of habeas corpus in this context reveals that the respondent is correct in his assertion that petitioner did not fairly and properly present his claims to the highest state court in a procedurally correct manner, with the exception of his claims concerning ineffective assistance of counsel.  Accordingly, the claims should be dismissed for failure to exhaust.  Additionally, as the respondent states, the claims are also procedurally defaulted.

If a petitioner has failed to exhaust state court remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred, the claims are procedurally defaulted for purposes of federal habeas review, irrespective of whether the last state court to which the petitioner actually presented his claims rested its decision upon an independent and adequate state ground.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991).  On habeas corpus review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate procedural state ground.  *See Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir.1996).  The procedural bar will not be considered adequate unless it is applied regularly or strictly to the great majority of similar claims. *Amos v. Scott*, 61

F.3d 333, 338 (5th Cir.), cert denied, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995).

The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir.)(per curiam), cert. denied, 115 S.Ct. 2603, 132 L.Ed.2d 847 (1995). In *Emery v. Johnson*, 139 F.3d 191, 194-96 (5th Cir. 1997), the Fifth Circuit reviewed a district court's denial of a habeas petition in a capital murder case. The court held that the claims at issue were procedurally barred because if the petitioner tried to exhaust them in state court they would be barred by the abuse-of-the-writ doctrine of Article 11.071 of the Texas Code of Criminal Procedure. *Id*. *See also Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997) (in accord). The court further noted that Section 4 of Article 11.07, the Texas Code of Criminal Procedure, adopts the same rule for non-capital felony cases. *Emery*, 139 F.3d at 195 n.3.

When a state court denies a prisoner's claims based on an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate (1) cause for the default and prejudice as a result of the alleged violation of federal law, or (2) a resulting fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. at 750-51. To grant a habeas petition due to a manifest miscarriage of justice, the petitioner "must show that a constitutional violation prevented him from showing his actual innocence" or "resulted in

the conviction." *Ellis v. Collins*, 956 F.2d 76, 80 (5th Cir.), cert. denied, 503 U.S. 915 (1992).

Petitioner has failed to show either cause or prejudice, or a miscarriage of justice.   Therefore, petitioner's claims are procedurally defaulted.   Further, the claims are without merit.

*Ineffective Assistance of Counsel*

Petitioner makes three arguments concerning the denial of effective assistance of counsel.  First, petitioner complains that trial counsel failed to object to the jury separation instructions and failed to move to sequester the jury.   Second, petitioner claims that during the punishment phase, counsel did not request notice of the State's intent to introduce the victim's father's victim-impact statement and failed to object to the father's victim-impact testimony.   Finally, petitioner alleges appellate counsel was ineffective because counsel failed to raise the unrecorded written statement and jury instruction issues in a motion for new trial.

The Sixth Amendment of the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.  The Supreme Court has addressed the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  In order to show that counsel was ineffective a petitioner must demonstrate the following:

10

> First, the defendant must show that counsel's performance
> was deficient.  This requires showing that counsel made
> errors so serious that counsel was not functioning as the
> "counsel" guaranteed the defendant by the Sixth
> Amendment.  Second, the defendant must show that the
> deficient performance prejudiced the defense.  This
> requires showing that counsel's errors were so serious as
> to deprive the defendant of a fair trial, a trial whose
> result is reliable.  Unless a defendant makes both
> showings, it cannot be said that the conviction or death
> sentence resulted in a breakdown of the adversarial
> process that renders the result unreliable.

*Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.  In order to

demonstrate the first prong of this test, a petitioner must

demonstrate that "'counsel's representation fell below an objective

standard of reasonableness,' with reasonableness being judged under

professional norms prevailing at the time counsel rendered

assistance." *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994)

(quoting *Strickland*, 466 U.S. at 688, 104 S. Ct. 2052).  In order

to demonstrate the second prong of the above-stated test, a

petitioner must demonstrate that counsel's deficient performance so

prejudiced the defense that petitioner was denied a fair and

reliable trial.  *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838

(1993).  A reviewing court "must strongly presume that trial

counsel rendered adequate assistance and that the challenged

conduct was the product of a reasoned trial strategy." *Wilkerson

v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

The court must give "great deference to counsel's assistance,

strongly presuming that counsel has exercised reasonable

professional judgment." *Ricalday v. Procunier*, 736 F.2d 203, 206

(5th Cir. 1984).  Accordingly, an attorney's strategic choices,

usually based on information supplied by the defendant and gathered from a thorough investigation of the relevant law and facts, "are virtually unchallengeable." *Strickland*, 466 U.S. at 691.

Petitioner first claims that his trial attorney failed to object to the improper instruction of the jury or move to sequester the jury. Petitioner, however, has failed to demonstrate prejudice concerning his claims. Petitioner's claims are conclusory. Petitioner has not demonstrated that, absent trial counsel's alleged errors, it is reasonably probable that the objection would have been sustained or the motion granted, and that with a sustained objection or sequestered jury, it is reasonably probable that the verdict would have been different. *See Nix v. Whiteside*, 475 U.S. 157, 176 (1986). Accordingly, the claim should be denied.

Next, petitioner claims trial counsel was ineffective for failing to request notice of the victim-impact statement, offered during the punishment phase, and for failing to object to the victim's father's punishment phase testimony about his daughter.

Petitioner has failed to show the requisite prejudice under *Strickland* to be entitled to relief. "In order to prove prejudice, [petitioner] must establish a reasonable probability that but-for his counsel's deficient performance, he would have received a '*significantly* less harsh' sentence." *Ward v. Dretke*, 420 F.3d 479, 498 (5th Cir. 2005) (emphasis in original).[1]  In making this

---

1  The Fifth Circuit Court of Appeals has specifically recognized a distinction between cases involving the federal guidelines and those involving state sentencing regimes. *United States v. Grammas*, 376 F.3d 433, 438 n.4 (5th Cir. 2004); *see also Glover v. United States*, 531 U.S. 198, 203 (2001) (holding that "any amount of actual jail time has Sixth Amendment significance"). When

determination, the court must consider the following:  (1) the sentence imposed in the case; (2) the minimum and maximum sentence allowed by law; (3) the placement of the sentence within the allowable range; and (4) any mitigating or aggravating factors considered by the trier of fact. *Spriggs v. Collins*, 993 F.2d 85, 88-89 (5th Cir. 1993).

Petitioner has not shown that, absent counsel's alleged unprofessional errors, his sentence would have been significantly less harsh.  In this case, petitioner was sentenced in the lower half of the five to 99 years or life sentencing range. Additionally, petitioner was sentenced for the offense of murder. Given the facts of this case and the sentence received, petitioner has failed to demonstrate that he would have received a significantly lesser sentence if trial counsel had notice of the victim-impact statement, or had objected to the father's testimony. Thus, petitioner's claims against trial counsel are without merit.

In his last claim against counsel, petitioner alleges he was denied effective assistance of appellate counsel.  Petitioner contends appellate counsel was ineffective for failing to raise the unrecorded written statement issue in the motion for new trial.

Persons convicted of a crime are entitled to effective assistance of counsel in their first appeal of right. *Evitts v.*

---

adopting the *Glover* test as applying to cases involving federal sentencing guidelines, the Fifth Circuit explicitly emphasized that the *Glover* "any amount of jail time" test only applies to cases involving the federal guidelines. *Id.* The court did not apply *Glover* to state sentencing cases and, thereby, overrule *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993).  *Ward*, 420 F.3d at 498, n.55.

*Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Green v. Johnson,* 160 F.3d 1029, 1043 (5th Cir. 1999). However, the Fifth Circuit has declined to extend the "critical stage" designation to motions for new trial. *See Mayo v. Cockrell*, 287 F.3d 336, 339 (5th Cir. 2002).

The two-prong *Strickland* test applies to claims of ineffective assistance of counsel by both trial and appellate counsel. *Styron v. Johnson,* 262 F.3d 438, 450 (5th Cir. 2001). On appeal, effective assistance of counsel does not mean counsel who will raise every nonfrivolous ground of appeal available. *Green,* 160 F.3d at 1043. Rather, it means that counsel must have performed in a reasonably effective manner. *Id.* To demonstrate prejudice, the Petitioner must "show a reasonable probability that, but for his counsel's unreasonable failure ..., he would have prevailed on his appeal." *Briseno v. Cockrell,* 274 F.3d 204, 207 (5th Cir. 2001) (citations omitted).

Here, petitioner has failed to show either deficient performance or prejudice. In this case, trial counsel did not object to the admission of the unrecorded statement. Texas Rule of Appellate Procedure 21.1 provides that a motion for new trial is a prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record. *Keeter v. State*, 175 S.W.3d 756, 762 (Tex. Crim. App. 2005) (Holcomb, J., dissenting). Therefore, it was reasonable appellate strategy for petitioner's appellate attorney to not raise that issue in the motion for new trial as it was unpreserved alleged error. Further, petitioner has

not shown how appellate counsel's strategic decision prejudiced him.  Merely asserting he was prejudiced is not sufficient to satisfy the prejudice prong of *Strickland*.  *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994).

Petitioner also accuses appellate counsel of failing to raise the jury separation issues in the motion for new trial.  However, petitioner's claims are conclusory and present nothing for review because he has failed to support his assertions with evidence or legal authority.  Further, the motion for new trial stage is not necessarily a "critical stage" at which the effective assistance of counsel is required.  Thus, petitioner has failed to show that the state court adjudication of his claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Accordingly, petitioner's grounds for review should be denied.

Further, assuming, *arguendo*, that petitioner's remaining claims are deemed exhausted, such grounds are without merit and should be denied for the reasons stated in the respondent's answer. Petitioner has failed to show that the state court adjudication of his claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Therefore, the claims should be denied.

<u>Conclusion</u>

For the reasons set forth above, this petition for writ of habeas corpus should be denied.  A final judgment will be entered in accordance with this memorandum.

**SIGNED** this the **3**  day of **March, 2008.**


_____
Thad Heartfield
United States District Judge